IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| HUSSEY SEATING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-0860-CV-W-DW |
| | ) | |
| THE VALSPAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's motion to dismiss (Doc. 30). For the following reasons, the motion is granted.

I.

In July of 1998, Hussey Seating Company ("HSC") signed a contract with the Jackson County Sports Complex Authority ("JCSCA") to install new seats at Arrowhead Stadium in Kansas City, Missouri. (Pl. Compliant, Doc. 1-1, at ¶ 6.) In turn, HSC contracted with Donsco, Inc. ("Donsco") to manufacture, paint and deliver cast iron stanchions that would support the seats. (Id. at ¶ 7.) Donsco, at HSC's direction, contracted with The Valspar Corporation ("Valspar") to provide the powder coating that would be used to paint the cast iron stanchions. (Id. at ¶ 8, 9, 14.) During the negotiations, Valspar allegedly made an express warranty in writing that its powder coating would meet certain performance standards. (Id. at ¶ 11-13.) Eventually a contract was signed and the powder coated seats were installed "in the spring and summer of 1999." (Id. at ¶16.)

On February 28, 2005, the Court granted Valpsar's motion to dismiss Counts I (express warranty) and II (negligent misrepresentation) of Plaintiff's Complaint for failure to bring the claims within the appropriate limitations period. (Doc. 18.) In the pending motion, Valspar seeks dismissal

of the remaining non-contractual indemnity claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

II.

In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Botz v. Omni Air Int'l, 286 F.3d 488, 489 (8th Cir. 2002); Russell v. Men's Wearhouse, Inc., 170 F.3d 1156, 1157 (8th Cir. 1999). A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 71 (1984); Knapp v. Hanson, 183 F.3d 786, 788 (8th Cir. 1999). At the very least, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

III.

In support of its motion, Valspar argues that HSC's claim for non-contractual liability should be dismissed on three distinct grounds. (Doc. 31.) First, Defendant argues that Plaintiff's claim circumvents the statute of limitations which barred Counts I and II. Second, Defendant argues that HSC fails to state a claim for non-contractual liability because it is unable to show a right to indemnity. And, third, even if HSC has a right to indemnity, it failed to plead two required elements of an indemnity claim: (1) the reasonableness of its settlement with JCSCA and (2) tender to Valspar the choice of approving the settlement or taking over the defense. Because the Court finds that HSC has no right to indemnity under Missouri law, the Court need not reach Defendant's other arguments.

2

An action for non-contractual indemnity, an obligation implied in law, requires: (1) the discharge of an obligation by the plaintiff; (2) the obligation discharged by the plaintiff is identical to an obligation owed by the defendant; and (3) the discharge of the obligation by the plaintiff is under such circumstances that the obligation should have been discharged by the defendant, and the defendant will be unjustly enriched if the defendant does not reimburse the plaintiff to the extent that the defendant's liability has been discharged. State ex rel. Manchester Ins. & Indem. Co. V. Moss, 522 S.W.2d 772 (Mo. 1975); SSM Healthcare v. Radiologic Imaging Consultants, LLP, 128 S.W.2d 534, 539 (Mo. Ct. App. 2003).

In Missouri, the right to non-contractual indemnity has been recognized in two contexts. The first context, which is not applicable to the facts of this case, arises when the parties are liable in tort and one joint tortfeasor seeks indemnity against a subsequent tortfeasor. Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 32, 441 (Mo. 2002).

In the second context, the right to indemnity rests upon a legal relationship between the putative indemnitee and indemnitor or between the putative indemnitee, indemnitor and a third party. SSM Healthcare, 128 S.W.2d at 539 (holding a hospital has a right to indemnity for vicarious liability imposed upon it for the tortious conduct of employee doctors); Koeller v. Unival, Inc., 906 S.W.2d 744, 746 (Mo. Ct. App. 1995)(holding retailer has no right to indemnity from distributor because no legal relationship between the parties). Here, the Complaint alleges no legal relationship between Plaintiff and Valspar by which Plaintiff could be held vicariously liable for the conduct of Valspar. The parties have not entered into an agent-principal, employer-employee or partnership or other relationship which gives rise to vicarious liability. Accordingly, Plaintiff has no right to indemnification based on a legal relationship with Valspar.

3

Missouri case law also limits the availability of a claim of non-contractual indemnity to circumstances where an identical duty owed by one, is discharged by another. See, e.g., Manchester Ins., 522 S.W.2d at 774; Jurgensmeyer v. Boone Hospital Ctr., 727 S.W.2d 441, 444-45 (Mo. Ct. App. 1987). The Complaint alleges no facts indicating HSC and Valspar owed identical and coextensive duties to JCSCA. Valspar was not a party to the contract entered into between HSC and the JCSCA, Valspar owed no contractual duties to the JCSCA and none of Valspar's alleged express warranties were made directly to JCSCA. Accordingly, Plaintiff has no right to indemnification based on an identical duty owed to JCSCA.

Perhaps because Missouri case law appears to foreclose Plaintiff's claim, Plaintiff's argument focuses on the equitable nature of an indemnity claim and argues that Missouri law does not specifically preclude this Court from a broad application of the doctrine. Relying on other jurisdictions that have relaxed the strict requirement of privity between the parties when the injured party has relied on direct express representations by a manufacturer, Plaintiff argues that its equitable claim should survive despite the absence of a legal relationship or identical and coextensive duty between HSC and Valspar. (Doc. 32, p. 5.) However, Plaintiff's support for this position is unavailing. As noted above, the cited authorities do not apply Missouri law. Furthermore, the cases cited by Plaintiff do not discuss non-contractual indemnity, but rather support the imposition of liability on a theory of express warranty despite the absence of privity. These cases would be relevant in support a timely claim of breach of express warranty by HSC against Valspar in the absence of any contractual relationship; a claim which is not before the Court.

Furthermore, the Court does not believe that Missouri courts would extend the policies

4

which underlie the aforementioned decisions to the area of non-contractual indemnity. The law should be cognizant of modern business practices, and generally, strict legal requirements ought not be applied in a manner wholly inconsistent with modern realities. However, the approach adopted in the aforementioned cases—allowing a buyer to recover from a manufacturer who advertises nationally to consumers even if the buyer is a remote buyer and has had no direct contractual relations with the manufacturer—simply does not extend to the facts of this case. JCSCA did not directly rely on any representations made by Valspar, only HSC did.

Finally, the parties involved in this transaction engaged in commercial relations pursuant to various contracts, apparently none of which contained an indemnification provision. HSC—a sophisticated marketplace participant negotiating at arms-length with Valspar—was in a position to protect itself by obligating Valspar to indemnify it against any claims brought by JCSCA related to inadequate performance of the powder coatings used at the stadium. The Court concludes that if HSC had intended to be protected by indemnification, it should have negotiated mutually acceptable indemnification provisions and included them in their contracts. Accordingly, the Court finds no equitable reason to depart from the established legal requirements for non-contractual indemnity claims in Missouri.

IV.

For the foregoing reasons, the Court GRANTS the pending motion and dismisses Count III of the Complaint, thereby terminating this action.

IT IS SO ORDERED.

                                                                  /s/ DEAN WHIPPLE
                                                                      Dean Whipple
                                                         United States District Court

Date:  September 12, 2005